IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC and<br>UNILOC LICENSING USA, LLC,<br><br>  Plaintiffs,<br><br>v.<br><br>BARNES & NOBLE, INC.,<br><br>  Defendant. | Case No.: 2:18-cv-00394<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc 2017 LLC and Uniloc Licensing USA LLC (together, "Uniloc"), for their complaint against defendant, Barnes & Noble, Inc. ("B&N"), allege as follows:

## THE PARTIES

1. Uniloc 2017 LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801, 620 Newport Center Drive, Newport Beach, California 92660, and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2. Uniloc Licensing USA LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801, 620 Newport Center Drive, Newport Beach, California 92660, and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

3. Uniloc holds all substantial rights, title and interest in and to the Asserted Patents.

4. B&N is a Delaware corporation having regular and established places of business at: 2201 Preston Road, Suite E, Plano, Texas 75093; 7700 Windrose Avenue, Suite G170, Plano, Texas 75024; 801 West 15th Street, Suite E, Plano, Texas 75075 and/or 4916 S. Broadway Avenue, Tyler, Texas 75703.  B&N makes, uses, offers for sale, sells and/or imports into the United States for sale to customers in this judicial district and elsewhere in the United States the products accused of infringement herein.  B&N may be served with process through its registered

agent for service in Texas: Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

## JURISDICTION AND VENUE

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(d) and 1400(b). B&N has committed acts of infringement in this judicial district and maintains regular and established places of business within this district, as set forth above.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,484,089)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc 2017 LLC is the owner, by assignment, of U.S. Patent No. 8,484,089 ("the '089 Patent"), entitled METHOD AND SYSTEM FOR A HOSTED DIGITAL MUSIC LIBRARY SHARING SERVICE, which issued on July 9, 2013. A copy of the '089 Patent is attached as Exhibit A.

9. Uniloc Licensing USA LLC is the exclusive licensee of the '089 Patent, with ownership of all substantial rights, including the right to grant sublicenses, to exclude others, to enforce the patent to recover damages for past infringement.

10. The '089 Patent describes in detail and claims in various ways inventions, developed by the inventor around 2008, directed to systems and methods that allow subscribers to a web service to share electronic versions of selected publications.

11. The '089 Patent describes problems and shortcomings in the then-existing field of digital media sharing of electronic media and describes and *See, e.g.*, Ex. A at 1:20-30. The '089

Patent claims novel and inventive technological improvements and solutions to such problems and shortcomings.

12. As evidenced by the allowance thereof, the technological improvements and solutions described and claimed in the '089 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

13. The inventions claimed in the '089 Patent involve and cover more than just the performance of well-understood, routine, and/or conventional activities known to the industry prior to the invention of such novel and non-obvious methods, systems and devices.

14. The inventions claimed in the '089 Patent represent technological solutions to technological problems. The written description of the '089 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

15. B&N imports, uses, offers for sale, and sells in the United States its NOOK® book platform, NOOK®-branded tablets and NOOK® eReaders for iOS, Android and Windows that implement the lending out of eBooks to and between B&N customers ("Accused NOOK® Platform").

16. The Accused NOOK® Platform is implemented, at least in part, by servers owned, operated and/or controlled by B&N. The Accused NOOK® Platform controls the storage and distribution of eBooks to and between B&N customers. The Accused NOOK® Platform allows a legitimate purchaser of an eBook to lend that eBook to another B&N customer under certain terms

and conditions, that may include: (A) controlling the period of the loan; (B) preventing the lender from reading the eBook during the loan period; and (C) only allowing the eBook to be lent to a legitimate B&N customer.

17. B&N has infringed, and continues to infringe, numerous claims of the '089 Patent in the United States, including claims 1-2, 5-7, 10-12, 14-16, and 19-20, by using, offering for sale, selling and/or importing the Accused NOOK® Platform in violation of 35 U.S.C. § 271(a).

18. B&N has also infringed, and continues to infringe, claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 Patent by actively inducing others to use, offer for sale, and/or sell the Accused NOOK® Platform. B&N's customers who use Accused NOOK® Platform tablets and eReaders in accordance with B&N's design and instructions infringe claims 1-2, 5-7, 10-12, 14-16, and/or 19-20 of the '089 Patent in violation of 35 U.S.C. § 271(a). B&N intentionally, directly and/or indirectly instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at one or more of the following:

- www.barnesandnoble.com
- www.barnesandnoble.com/b/NOOK-books/
- www.barnesandnoble.com/u/Support-NOOK-Simple-Touch-with-Glowlight/
- http://images.barnesandnoble.com/pimages/NOOK/download/User_Guide_NOOK.pdf
- http://images.barnesandnoble.com/pimages/NOOK/light/mediakit/UserGuide_NOOKSimpleTouchGlowLigt
- https://NOOK.barnesandnoble.com/u/support/
- http://NOOK.com
- www.youtube.com
- www.youtube.com/user/NOOKBN

- www.youtube.com/watch?v=JdU7U21UKIM
- www.youtube.com/watch?v=at_UJoIKtF0
- www.youtube.com/watch?v=OfcVSt344mY
- www.youtube.com/watch?v=15DJR7mY4T8
- www.youtube.com/watch?v=t9V7BL-D_ac
- www.youtube.com/watch?v=xViyNRFwi8U

B&N also induces infringement by failing to remove or distinguish infringing features of the Accused NOOK® Platform. B&N is thereby liable for infringement of the '089 Patent under 35 U.S.C. § 271(b).

19. B&N has also infringed, and continues to infringe, claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 patent by using, offering to sell, selling and/or importing the Accused NOOK® Platform which includes *inter alia* software that is used in practicing the processes, or using the systems, claimed in the '089 patent, and constitutes a material part of the invention. B&N knows that portions of the software contained in the Accused NOOK® Platform to be especially made or especially adapted for use in infringement of the '089 patent, not a staple article or commodity of commerce suitable for substantial noninfringing use. B&N is thereby liable for infringement of the '089 Patent under 35 U.S.C. § 271(c).

20. B&N will have been on notice of the '089 Patent since, at the latest, the service of this complaint upon it. By the time of trial, B&N will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 1-2, 5-7, 10-12, 14-16, and 19-20 of the '089 Patent.

21. B&N may have infringed the '089 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused NOOK® Platform.

22. Uniloc has been damaged by B&N's infringement of the '089 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against B&N:

(A) declaring that B&N has infringed the '089 Patent;

(B) awarding Uniloc its damages suffered as a result of B&N's infringement of the '089 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: September 14, 2018.     Respectfully submitted,

> */s/ Edward R. Nelson III*
> Paul J. Hayes (Lead Attorney)
> Massachusetts State Bar No. 227000
> Kevin Gannon
> Massachusetts State Bar No. 640931
> Michael Ercolini
> New York State Bar No. 5029905
> Aaron Jacobs
> Massachusetts State Bar No. 677545
> **PRINCE LOBEL TYE LLP**
> One International Place, Suite 3700
> Boston, MA 02110
> Tel: (617) 456-8000
> Fax: (617) 456-8100
> Email: phayes@princelobel.com
> Email: kgannon@princelobel.com
> Email: mercolini@princelobel.com
> Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111

Shawn A. Latchford
shawn@nbafirm.com
Texas State Bar No. 24066603
**NELSON BUMGARDNER ALBRITTON P.C.**
111 West Tyler Street
Longview, Texas 75601
Tel: (903) 757-8449
Fax: (903) 758-7397

**ATTORNEYS FOR THE PLAINTIFFS**